| | | |
|---|---|---|
| RACHEL YOUNG<br>5 Haley Road<br>Essex, Maryland 21221 | * | IN THE |
| | * | CIRCUIT COURT |
| Plaintiff, | * | FOR |
| v. | * | BALTIMORE COUNTY |
| | * | |
| WALMART, INC. d/b/a SAM'S CLUB<br>701 South Walton Boulevard<br>Bentonville, Arkansas 72716 | * | CASE NO. _____ |
| | * | |
| SERVE ON: The Corporation Trust<br>Incorporated<br>2405 York Road, Suite 201<br>Lutherville Timonium, Maryland 21093 | * | JURY TRIAL PRAYED |
| | * | |
| | * | |
| Defendant. | | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## COMPLAINT

Plaintiff, Rachel Young, by and through her attorneys, Mark J. Strong and Gilman & Bedigian, LLC, sues Walmart, Inc. d/b/a Sam's Club (hereinafter "Defendant Walmart") and states as follows:

### FACTS COMMON TO ALL COUNTS

1. That all events giving rise to this lawsuit occurred in Baltimore County, Maryland.

2. Plaintiff's primary place of residence is in Baltimore County, Maryland.

3. That Defendant Walmart's principal place of business is in Benton County, Arkansas.

4. That Defendant Walmart regularly conducts business in Baltimore County and through the State of Maryland.

5. That upon information and belief, Defendant Walmart is the owner, operator, and property manager of the Sam's Club store located at 6410 Petrie Way Rd, Baltimore, MD 21237, (hereinafter "Premises") and is otherwise responsible for the maintenance and care of said store,

including but not limited to, its food court and cafe area.

6. That on or about September 22, 2018, at approximately 5:00 p.m., Plaintiff was a lawful invitee/licensee onto the Premises.

7. That on or about September 22, 2018, while patronizing the café area of the Premises, Plaintiff slipped on a piece of foil that was on the floor and fell, causing her to be injured.

8. The condition of the store, including the café area, created a hazard for Plaintiff.

## COUNT I
(Negligence)

9. Plaintiff adopts by reference the allegations contained in paragraphs 1 through 8 of this Complaint, and all other Counts of this Complaint, with the same effect as if herein fully set forth.

10. That Defendant retained exclusive ownership, possession, control and/or supervision of and over the said premises.

11. That as an invitee/licensee, Defendant owed the Plaintiff a duty to maintain the premises in such condition that the public would not be subjected to risks from the physical state of said premises, to correct said dangerous or defective conditions which it knew or by the exercise of reasonable care should have known to have existed, to use reasonable care to make the Premises safe, or to warn the guest of the condition as it could not have been reasonably discovered.

12. That Defendant was negligent and careless by failing to exercise care and caution for the safety of others on its property; failing to maintain a safe environment on the Premises by failing to keep its floors, aisles, and walking areas safe; and was otherwise negligent in causing this accident.

13. That Defendant was further negligent in that, despite actual and/or constructive notice of the unsafe and unreasonably dangerous condition, the Defendant failed to warn Plaintiff of the dangerous condition and failed to take proper precautions for the safety of the Plaintiff, thereby causing her to be injured.

14. That as a proximate result of the negligence of the Defendant, Plaintiff was caused to be seriously, painfully, and permanently injured about the body and limbs, including but not limited to her back, hip, thigh, knee, and leg.

15. Plaintiff was caused and will continue to be caused to undergo medical care and treatment, to incur medical expenses, to lose time and income from her employment, and to lose time from her daily pursuits.

16. The Plaintiff further states that all of her injuries, damages, and losses complained of were caused directly by the negligence of the Defendant, without any negligence on the part of the Plaintiff contributing thereto.

WHEREFORE, this suit is brought and Plaintiff demands judgment against Defendant for a sum in excess of Seventy-Five Thousand Dollars ($75,000.00) in compensatory damages, plus interest and costs.

### COUNT II
(Premises Liability)

17. Plaintiff adopts by reference the allegations contained in paragraphs 1 through 16 of this Complaint, and all other Counts of this Complaint, with the same effect as if herein fully set forth.

18. That Defendant retained exclusive ownership, possession, control and/or supervision of and over the said premises.

19. That as an invitee, Defendant owed the Plaintiff a duty to maintain the premises in such condition that the public would not be subjected to risks from the physical state of said premises, to correct said dangerous or defective conditions which it knew or by the exercise of reasonable care should have known to have existed, to use reasonable care to make the Premises safe, and/or to warn the guest of the condition as it could not have been reasonably discovered.

20. That Defendant was negligent and careless by failing to exercise care and caution for the safety of others on its property; failing to maintain a safe environment on the Premises by failing to keep its floors, aisles, and walking areas safe; and was otherwise negligent in causing this accident.

21. That Defendant was further negligent in that, despite actual and/or constructive notice of the unsafe and unreasonably dangerous condition, the Defendant failed to warn Plaintiff of the dangerous condition and failed to take proper precautions for the safety of the Plaintiff, thereby causing her to be injured.

22. That as a proximate result of the negligence of the Defendant, Plaintiff was caused to be seriously, painfully, and permanently injured about the body and limbs, including but not limited to her back, hip, thigh, knee, and leg.

23. Plaintiff was caused and will continue to be caused to undergo medical care and treatment, to incur medical expenses, o lose time and income from her employment, and to lose time from her daily pursuits.

24. The Plaintiff further states that all of her injuries, damages, and losses complained of were caused directly by the negligence of the Defendant, without any negligence on the part of the Plaintiff contributing thereto.

WHEREFORE, this suit is brought and Plaintiff demands judgment against Defendant for a sum in excess of Seventy-Five Thousand Dollars ($75,000.00) in compensatory damages, plus interest and costs.

GILMAN & BEDIGIAN, L.L.C.

*/s/ Mark J. Strong*
Mark J. Strong
1954 Greenspring Drive, Suite 250
Timonium, Maryland 21093
(410) 560-4999
mstrong@gblegalteam.com
CPF: 9112190204
*Attorney for Plaintiff*

## **DEMAND FOR JURY TRIAL**

Plaintiff requests a jury on all issues herein.

*/s/ Mark J. Strong*
Mark J. Strong
